LITTLE
ROCK,
July, 1838.

BALLARD
vs.
NOAKS.

THOMAS B. BALLARD AND OTHERS *against* JESSE NOAKS.

APPEAL *from Washington Circuit Court.*

An appeal bond must be conditioned, to pay "the debt, damages, and costs," in case the judgment of the inferior Court be confirmed.

Yet, if not in exact conformity with the statute, it would be good if it comprehended every essential stipulation in the statute.

A stipulation "to pay such sum of money as shall be finally adjudged against the said defendants, or them," is not sufficient.

HALL, for the appellee, moved to dismiss this appeal for want of a sufficient recognizance.

TRAPNALL, COCKE, and WALKER, *contra:*

RINGO, *Chief Justice,* delivered the opinion of the Court: The appellants, defendants in the Court below, prayed an appeal from a judgment against them, in favor of the appellee, in the Washington Circuit Court, which was granted; and, thereupon "appeared David Walker "and Henry Cureton, and acknowledged themselves to owe and be "indebted unto *Jesse Noaks,* plaintiff in this suit, in the sum of two "hundred and fifty dollars, to be levied of their respective goods and "chattels, lands and tenements, to be void upon condition that they "pay such sum of money as shall be finally adjudged against the said "defendants or them."

A motion has been made by the appellee to dismiss this appeal, upon the ground that the recognizance is insufficient. The statute directs the Court to require of the party appealing, if defendant, a recognizance with one or more securities, in a sum sufficient to cover the amount for which judgment has been given, together with the costs that have accrued or that may accrue by such appeal, conditioned, that the appellant shall pay the "debt or damages and costs," in case the judgment of the inferior Court shall be confirmed by the Supreme Court. See *Dig.* p. 344.

It is admitted that the recognizance taken in this case is not in strict accordance with that prescribed by the statute; but the appellants insist that it is as comprehensive, and secures to the appellee every benefit which he could derive from one taken in exact conformity with the provisions of the statute, and consequently that it is as good.

If the condition, though not in the language of the statute, comprehended every essential stipulation prescribed in it, we should consider

B

LITTLE ROCK, July, 1838.

BALLARD
vs.
NOAKS.

it sufficient; but we think this does not. The stipulation "to pay such sum of money as shall be finally adjudged against the said defendants or them," in our opinion differs essentially from that prescribed by the statute, to "pay the debt or damages and costs, in case the judgment of the inferior Court shall be confirmed by the Supreme Court," and makes the legal liability of the parties to the recognizance depend upon a condition entirely different from that prescribed by law, and although it may be possible that the appellee, if the judgment below should be affirmed, could recover of these securities his damages and costs, upon this recognizance, his remedy against them would be more difficult and less certain than if their liability had been made to depend upon the condition prescribed in the statute, the provisions of which are plain, and evidently intended to furnish in all cases a clear and adequate security to the plaintiff for his debt, or damages and costs, if the judgment should be affirmed; and we are not prepared to sanction a practice by which the liability of the securities can be made to depend upon any condition other than that prescribed in the statute, or any departure therefrom be permitted in any essential part.

This recognizance is also objectionable, upon the ground of uncertainty appearing on the face of the condition thereof.

Therefore, the motion to dismiss must be sustained, and the appeal dismissed, with costs.