Term, 1859.]     State, use of the State Bank vs. Martin et al.

STATE, USE OF THE STATE BANK VS. MARTIN ET AL.

Where the plaintiff, or his attorney, appears before the Clerk and acknowledges and enters satisfaction of a judgment, under the provisions of the statute, no judicial action is required: if application is made to the Court, by the defendant, to have satisfaction entered, the order for satisfaction to be entered, is a judicial act, and the entry of it a solemn record: but if the attorney voluntarily appears before the court and acknowledges satisfaction, there is nothing before the Court to call forth the exercise of judicial power, and it is not clear that the entry in such case should be treated as a solemn record.

The record of a judgment is not conclusive, as an estoppel, against a person not a party or privy to the suit in which it was rendered; and so where the attorney of the State Bank acknowledged part satisfaction of a judgment, parol evidence is admissible in a suit against his securities, upon his official bond, to prove that nothing had been paid upon the judgment.

*Appeal from Pulaski Circuit Court.*

Hon. JOHN J. CLENDENIN, Circuit Judge.

HEMPSTEAD, for the appellant.

If the entry of satisfaction in this case is a record, it cannot be impeached by parol testimony, at least in a court of law and in a collateral proceeding. Is it a record? Of that there would seem to be no room for doubt. It was an act judicial in its nature and proper to be done. It was performed in open Court, and the evidence of its performance enrolled among its proceedings. It was something of which the Court had jurisdiction, and the actors were personally before the court. It was a part of the proceedings of the Court, and as such, entitled, and indeed bound to be recorded. It was a solemn acknowledgment of record, and if, in view of the place where it was done, and the manner of doing it, and the subject matter

**630** CASES IN THE SUPREME COURT

State, use of the State Bank vs. Martin et al.    [OCTOBER

to which it related, it cannot be held as equally sacred and valid, with any other order or judgment of the same court, I am at a loss to perceive on what just and proper grounds, a distinction can be made.

It has been argued that this acknowledgment, being at best only a *quasi* judicial act, and not of that character to necessarily find its way into the permanent rolls of the court, although in fact there, may be explained or contradicted by parol evidence as a receipt may, and like a receipt, is only *prima facie* evidence, and subject to explanation.

The difference is very obvious. A receipt for money relates to an act *in pais*, whereas the acknowledgment and entry of satisfaction of a judgment, whether entire or partial, is a judicial proceeding of a court of record, necessarily carried into and perpetuated in its rolls. A receipt is a mere admission *in pais* without solemnity; whereas the entry of satisfaction, whether under the statute or according to the common law, is a judicial admission evidenced by the record, and of as much dignity and solemnity as any other judicial proceeding. There is no analogy between this and the other.

The acknowledgment and entering of part satisfaction is just as binding on the sureties as it was on Lincoln, the principal. It was done in the performance of a duty incumbent upon him as bank attorney, and was part of the business for which the sureties were bound in the bond. Entries made by a Clerk or collector in the course of his duty, are admitted as evidence against his sureties, in a suit on the bond against the sureties. And so an admission of the principal in the course of his duty and whilst he is in office, is competent evidence, and binding on his sureties, in an action against them on his bond. 1 *Greenl. Ev.* 187; *Whitnash vs. George,* 3 *Barn. & Cress,* 556; *Middleton vs. Milton,* 10 *Barn. & Cress.* 317; *McGahey vs. Alston,* 2 *Mees. & Welsby,* 213, 214; *Fenner vs. Lewis,* 10 *Johns.* 38; *Meade vs. McDowell,* 5 *Binn.* 195.

WATKINS & GALLAGHER, for the appellees.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

This was an action of debt brought in the name of the State for the use of the Bank of the State, upon the official bond of Lemuel R. Lincoln, (after his death,) as attorney for the Bank, against Jared C. Martin and George C. Watkins, two of the securities in the bond.

The special breach assigned was, that on the 10th of November, 1847, Albert Pike paid to Lincoln, as such attorney, one half of a judgment rendered in favor of the Bank, on the 16th of November, 1846, against Absalom Fowler, Albert Pike and Thomas W. Newton, for $4,850, with ten per cent. interest, from 27th July, 1844, and costs: that Lincoln, as such attorney, and for the plaintiff, acknowledged satisfaction of one half of said judgment so paid to him, but never accounted for the same in any way to the Bank.

The defendants, by plea, denied that Pike paid, or that Lincoln received from him, or any other person, any part of the judgment in the declaration mentioned, etc.

The issue thus formed, was submitted to a jury.

The plaintiff, for the purpose of proving the receipt of the money by Lincoln, his liability, etc., read in evidence from the common law record of judgments, of the Pulaski Circuit Court, an entry made on the 10th day of December, 1847, as follows:

" The Bank of the State of Arkansas, *Plaintiff.*

vs.

Absalom Fowler, Albert Pike & Thos. W. Newton, *Defendants.*

On this day comes said plaintiff by L. R. Lincoln, her attorney, and here in open court acknowledges that she has received of the said defendant, Albert Pike, full satisfaction of one half of the debt and interest of the judgment rendered in this cause, on the 16th day of November, 1846, in record book Y. page 103, and on her motion it is ordered that said satisfaction be entered herein."

It was also proved that Lincoln was, at the time of the above entry, Bank Attorney, and that in the margin of the record, where the judgment was entered, was an endorsement of half

satisfaction, made by the Clerk, 10th December, 1847, referring to the above entry. It was also proven that Lincoln had not reported or paid any thing thereon to the Bank, or in any manner accounted therefor, etc. The plaintiff offered no further evidence.

The defendant then offered to read the deposition of Albert Pike, to show that nothing had been paid, and that the entry of record, as above, was made by mistake; to which the plaintiff's counsel objected, on these grounds and no other, viz:

1. That the entry being of record, could not be destroyed, set aside, affected or contradicted by any parol proof whatever.

2. If in fact, a mistake had been made, as stated in the deposition, the proper form to correct it, if correctable at all, is in chancery, and not at law.

3. The defendants in this suit are estopped from disputing the record entry of part satisfaction, read in evidence on the part of the plaintiff.

But the objections were overruled, and the deposition admitted to be read in evidence to the jury, to which the plaintiff excepted.

The deponent, after copying the record entry, as above, testified as follows:

"The judgment so referred to, was for a debt of Absalom Fowler, on which myself and Thomas W. Newton, were securities. It was rendered for $4,850, with interest at 10 per cent. per annum from the 27th day of July, 1844, until paid. The entry above copied, and that of satisfaction of one half on the margin of the record of the judgment, are mistakes. Mr. Lincoln never made any such acknowledgment. I never paid a dollar on said judgment. The mistake was committed by the Clerk, in this way: there was a judgment of the Bank of the State of Arkansas, against Absalom Fowler and myself, as securities of George Waring, rendered in the same court on the 20th day of September, 1842, (*Record N. folio* 182,) for $900 debt, with interest at 10 per cent. per annum, from April 19th, 1841; on this judgment there was an execution and de-

livery bond, and judgment on delivery bond against myself and
Fowler, and Charles P. Bertrand, our surety in delivery bond,
for $900 debt, and like interest from 19th of April, 1841, ren-
dered 6th July, 1843, (*Record O, folio* 307.) I paid one half of
this latter judgment, and at my request Mr. L. R. Lincoln,
attorney of the Bank, on the 10th day of December, 1847,
acknowledged satisfaction, first of the whole original judgment
and then of one half of the judgment on the delivery bond.
The former entry was made, the latter was not; but instead of
it, and by mistake, the Clerk made the entry, copied above, in
the wrong case.

"When I found out the error, after Mr. Lincoln died, I told
Mr. Ross, the Receiver of the Bank, of it; that if I were to die,
it might be known that Mr. Lincoln had not received the
amount. I told Col. Fowler also of the error, and know from
him that he did not make such payment any more than I did.
The entry is altogether a mistake of the Clerk."

The verdict and judgment were in favor of the defendants,
and the plaintiff appealed.

The admissibility of Pike's deposition, as rebutting testimony,
is the only question presented for the decision of this court.

The statute provides that where a judgment or decree is
satisfied, otherwise than by execution, the party, in whose favor
the same was rendered, shall enter and acknowledge such sat-
isfaction before the clerk of the court in which such judgment
or decree may have been rendered. *Gould's Digest, chap.* 96,
*sec.* 21.

That satisfaction may be entered by the plaintiff in person,
by his attorney of record, or by an agent duly authorized in
writing for that purpose, etc. *Ib. sec.* 23.

That upon the acknowledgment of satisfaction of any judg-
ment or decree, the clerk shall enter the same in his minutes,
which shall be signed by the person making the acknowledg-
ment, and attested by the clerk. *Ib. sec.* 24.

That satisfaction entered in accordance with the preceding

40

provisions of the statute, shall forever discharge and release the judgment or decree. *Ib. sec.* 26.

The statute further provides that if the person receiving satisfaction of any judgment or decree, shall neglect or refuse to acknowledge the same, within the time prescribed, etc., the party interested may, on notice given to the adverse party, or his attorney, apply to the Court to have satisfaction entered. *Ib. sec.* 27.

That if the Court shall be satisfied that the plaintiff, his agent, or attorney, has received full satisfaction of such judgment or decree, an order shall be made, directing the clerk to enter satisfaction on the same, which shall have the same effect as if it had been acknowledged by the party; and the costs of such application shall be recovered of the party refusing, by execution as in other cases. *Ib. sec.* 28.

That clerks of courts, in entering judgments or decrees in the judgment docket, shall leave a space or margin on the record, in which to enter a memorandum of the satisfaction, etc. *Ib. sec.* 29.

It may be observed that the statute does not require the plaintiff, etc., in a judgment, etc., to acknowledge and enter satisfaction until the judgment, etc., *is satisfied*.

When the judgment is satisfied, the statute provides for two modes of entering satisfaction: 1st, by the plaintiff, or his attorney, voluntarily appearing before the clerk, and acknowledging and entering satisfaction. In this mode of entering satisfaction, no judicial action is required. It is entirely the work of the plaintiff, etc., in the judgment, and the clerk acting ministerially.

In the *second* mode, an application is made to the court by the defendant in the judgment, there is notice to the plaintiff, or his attorney, and the order for satisfaction to be entered is a judicial act, and the entry of it is, doubtless, a solemn record.

In the case before us, neither mode of entering satisfaction prescribed by the statute, appears to have been followed.

Lincoln, the attorney of the Bank, voluntarily appeared before the court, and acknowledged satisfaction of one half of the judgment. There was nothing before the court requiring judicial action, or to call forth the exercise of judicial power; hence it is not by any means clear that the entry of part satisfaction, made by the clerk, under such circumstances, should be treated as a solemn record.

But suppose it be treated as a record, is it conclusive upon the securities of Lincoln?

There are two features in the deposition of Pike; the *first*, that Lincoln did not acknowledge payment of one half of the judgment mentioned in the entry—that the acknowledgment was made in relation to another and different judgment, altogether; that the clerk made a mistake in making the entry, etc.; *the second* that nothing had in fact been paid on the judgment mentioned in the entry.

The *first feature* of the deposition, treating the entry as a solemn record, was inadmissible, because it flatly contradicts a fact recited by the entry—that is, that Lincoln admitted that one half of the judgment referred to in the entry, had been paid, etc.

Was the *second*, and more important feature of the deposition admissible?

Treating the entry as a record, it certainly cannot be more conclusive against the securities of Lincoln, who were in no way parties to it, than the record of a judgment would have been, if the Bank had sued Lincoln for money collected by him, and in the suit he had admitted, or it had been judicially ascertained, that he had collected one half of the judgment in question, and judgment had been rendered against him for the amount; and afterwards his securities had been sued, and the judgment so rendered against their principal offered in evidence against them.

In such case, the judgment recovered against the principal would only be *prima facie* evidence in the suit against the secu-

rities, and not conclusive. It would be competent for them to prove, as they did in this case, by the deposition of Pike, that their principal did not, in fact, receive the money for which judgment was rendered against him.

This is upon the principle that the record of a judgment is not conclusive, as an estoppel, against a person not a party, or privy to the suit in which it was rendered. *Snider vs. Greathouse, et al.*, 16 *Ark.* 72; *Bone as admr. vs. Torry, ib.* 83; *Chipman vs. Fambro, ib.* 291; 3 *Ham. O. R.* 488.

We think, in any view of the case, that so much of Pike's deposition as proves that no part of the judgment referred to in the entry in question, was in fact paid to Lincoln, was admissible; and this was the material point in issue.

The judgment is affirmed.


Absent, Mr. Justice RECTOR.