WADKINS *v.* MERCHANTS' BANK OF VANDERVOORT.

Opinion delivered November 14, 1910.

1. JUSTICES OF THE PEACE—APPEALS—TIME.—Under Const. 1874, art. 7, § 42, providing that appeals may be taken from final judgments of justices of the peace to the circuit court under such regulations as are now or may be provided by law, the Legislature may fix the time within which the necessary proceedings must be taken in order to perfect an appeal. (Page 467.)

2. SAME—TIME FOR FILING APPEAL BOND.—Under Kirby's Digest, § § 4666, 4667, providing that an appeal must be taken from the judgment of a justice of the peace within 30 days after the judgment was rendered, and that to suspend the judgment an appeal bond must be filed within the same time, an appeal bond must be filed with the justice of the peace within 30 days in order to obtain a supersedeas, and cannot be filed thereafter. (Page 467.)

3. EQUITY—JURISDICTION TO ENJOIN EXECUTION OF JUDGMENT AT LAW.—
Equity has no jurisdiction to enjoin the execution of a judgment at
law, as the law court has complete control over its own process.
(Page 468.)

Appeal from Polk Chancery Court; *James D. Shaver,* Chancellor; reversed.

*E. J. Lundy* and *J. S. Lake,* for appellants.

1. A judgment of a justice of the peace can not be superseded after the expiration of 30 days from the rendition of the judgment. Kirby's Digest, § § 4665, 4666, and 4667.

2. The chancery court was without jurisdiction, the appellee having a full and complete remedy at law. 52 Ark. 445; 34 Ark. 354; *Id.* 291; Kirby's Digest, § 3224; 8 Ark. 52; 58 Ark. 314; 48 Ark. 510; *Id.* 331.

*J. I. Allen,* for appellee.

FRAUENTHAL, J. This was an action instituted by the appellee in the chancery court to restrain the execution of a judgment recovered before a justice of the peace, pending an appeal from said judgment. In the complaint it was alleged that the judgment was recovered against appellee before the justice of the peace on November 30, 1909, and that on the same day the appellee filed with the justice of the peace an affidavit and prayer for appeal, but did not then file an appeal bond superseding the execution of the judgment. On December 31, 1909, an execution was issued on said judgment, and duly placed in the hands of the constable for service. Thereafter, and at a time more than 30 days after the rendition of the judgment, appellee presented to the justice of the peace an appeal bond with good and sufficient sureties thereon, and in sufficient amount, in order to obtain a supersedeas of said judgment pending said appeal. The justice of the peace refused to file the bond, or to recall the execution, or to stay further proceedings on the judgment. Appellee alleged that he had a meritorious defense to the cause of action upon which the judgment of the justice of the peace was founded, and sought by the present suit to restrain any further action under said execution and judgment.

To this complaint the defendants below interposed a demurrer upon the grounds: (1) that the complaint did not state facts sufficient to constitute a cause of action; (2) because the chancery court had no jurisdiction to grant the relief sought;

and (3) because the plaintiff below had a full and adequate remedy at law. The court overruled this demurrer; and, the defendants refusing to plead further, a decree was entered granting the injunction asked for in the complaint.

It is urged by counsel for appellee that, in order to supersede the execution of a judgment of a justice of the peace pending an appeal, it is not necessary that the appeal bond provided by statute be given within 30 days after the rendition of the judgment appealed from, but that it may be filed and approved at any time after the expiration of such time. By article 7, § 42, of the Constitution it is provided that "appeals may be taken from final judgments of the justices of the peace to the circuit courts under such regulations as are now or may be provided by law." The Legislature has the power to fix the time within which the various proceedings must be had in order to take and perfect an appeal from the judgment of a justice of the peace; and each proceeding must be taken within the time prescribed by the statute. Thus, the affidavit for appeal from a judgment of a justice of the peace must be filed within the time prescribed by the Legislature; and the affidavit and prayer for appeal from the judgment of the probate court must be taken within the time and manner pointed out by the statute.

And likewise, when the statute fixes the time within which an appeal bond must be filed, such provision is mandatory, and it can not be filed thereafter as a matter of right in order to secure a supersedeas of such judgment. 4 Enc. Law & Prac. 847; 2 Enc. Plead & Prac. 16; *Ballard* v. *Noaks,* 1 Ark. 133; *Brady* v. *Hamlett,* 33 Ark. 105; *Joyner* v. *Hall,* 36 Ark. 513. Whether or not the sureties upon such bond, accepted, filed and approved after such time, would be estopped from pleading as a defense to an enforcement of such bond that same was not given within the time prescribed by the statute need not be here determined, because such question is not here involved.

In regard to taking an appeal from the judgment of a justice of the peace, it is provided by section 4666 of Kirby's Digest: "No appeal shall be allowed unless the following requisites shall be complied with: * * *

"Second. The appeal must be taken within 30 days after the judgment was rendered, and not thereafter.

"Third. The appellant, or some person for him, together with one or more securities, to be approved by the justice, must, within the time prescribed in the second clause of this section, enter into an obligation before the justice to the adverse party, in a sum sufficient to secure the payment of such judgment and the costs of the appeal, conditioned that the applicant will prosecute his appeal with due diligence to a decision."

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

"Sec. 4667. Either party may appeal without giving bond, as required in this act; but such appeal shall not operate as a suspension of the proceedings upon the judgment appealed from, and no certificate shall be given the appellant stating that an appeal in the cause has been allowed, and no execution issued be recalled."

Under these statutory provisions an appeal bond must be filed with the justice of the peace within 30 days after the judgment was rendered in order to obtain a supersedeas staying the execution of such judgment, and can not be filed at any time thereafter with such justice.

But the chancery court did not in any event, under the allegations of the complaint, have jurisdiction to enjoin the execution of said judgment. There is no special element of equity jurisdiction set out in the complaint to justify the interference of the chancery court with the execution of the judgment. The justice of the peace has complete control over all process issued by him, and can recall same if it was improvidently issued, or if, after being rightfully issued, it should under the law be recalled. *Anthony* v. *Shannon,* 8 Ark. 52; *King* v. *Clay,* 34 Ark. 291; *Scanland* v. *Mixer,* 34 Ark. 354; *Atkins* v. *Swope,* 38 Ark. 528. And, if the justice of the peace should refuse to recall such process or execution when under the law it should be done, then, as is said in the case of *Scanland* v. *Mixer, supra,* "the circuit court by its general supervisory power may on proper application bring up the proceedings by certiorari and grant relief."

The appellee, if he had been entitled to relief, had a plain, adequate and complete remedy at law. He, therefore, under the allegations of the complaint, had no right to invoke the jurisdiction of a court of equity to secure the relief to which he claims he was entitled. *Dall* v. *Bland,* 93 Ark. 266; Kirby's Dig., § 3986.

The demurrer to the complaint should have been sustained. Decree reversed, and cause remanded with directions to sustain the demurrer and dismiss the complaint.