Bessie W. COFFELT *v.*
ARKANSAS STATE HIGHWAY COMMISSION

84-268                                              686 S.W.2d 786

Supreme Court of Arkansas
Opinion delivered March 25, 1985
[Rehearing denied April 29, 1985.*]

*HICKMAN, J., not participating.

*Kenneth C. Coffelt,* for appellant.

*Thomas B. Keys, Philip N. Gowen,* and *Charles Johnson,* for appellee.

DAVID NEWBERN, Justice. This appeal and cross appeal are from a condemnation judgment which, after a jury trial, awarded $40,000 to the appellant. It is the second appeal in the case, and as the first appeal was decided in this court, we have jurisdiction. Arkansas Supreme Court and Court of Appeals Rule 29. 1. j.

In July, 1955, Mr. and Mrs. D'Angelo conveyed to Pulaski County an easement for the right of way for State and U.S. Highway 67. The easement disected a parcel of land owned by the D'Angelos. The deed contained this language:

> This conveyance is made for the purpose of a freeway and adjacent frontage road and the grantor hereby releases and relinquishes to the grantee any and all other abutter's rights including rights appurtenant to grantor's remaining property in and to said freeway, provided, however, that such remaining property shall abut upon and have access to said frontage road which will be connected to the freeway only at such points as may be established by public authority.

On September 8, 1955, the D'Angelos conveyed their remaining interest in the parcel by warranty deed to Kenneth and Bessie W. Coffelt. Mr. Coffelt subsequently conveyed his interest in the parcel to Mrs. Coffelt.

As the north-south highway was constructed, entrance and exit ramps existed permitting entrance and exit to and from the highway upon a road known as Coffelt Road which runs east and west contiguous to the southern boundary of the Coffelt property on both sides of the highway. For a time, one could, by numerous stops and starts, cross from west to east, and vice versa, directly from the Coffelt land on one side

of the highway to the Coffelt land on the other side. It required stopping at each of the frontage roads and stopping prior to crossing each of the two double lanes of Highway 67.

Pulaski County transferred its right in the easement to the Arkansas State Highway Commission, and in 1972 Mrs. Coffelt sued the Commission to enjoin it from interfering with the Coffelt Road crossing, alleging the Commission was planning to close Coffelt Road and thus deny her direct access from her property on one side of the highway to her property on the other side.

In her complaint Mrs. Coffelt alleged the Commission had promised to construct an overpass. While that point was apparently not pursued, it is mentioned here as an aid to understanding what is at stake in this case. Had an overpass or underpass been constructed permitting Coffelt Road to remain passable across the highway, Mrs. Coffelt would have had no claim against the Commission.

This court ultimately affirmed injunctive relief awarded to Mrs. Coffelt. We held the initial entry of the Commission on the land to construct the highway was consistent with its easement. Thus the initial construction was not notice that the Commission was taking the fee and therefore Mrs. Coffelt was not barred by a statute of limitations from asserting her right in the fee underlying the easement. The taking of Mrs. Coffelt's interest remaining in the fee under the easement will permit closing Coffelt Road where it crosses the highway. We said whether Mrs. Coffelt would be entitled to damages from taking the fee was a matter yet to be determined. *Arkansas State Highway Commission* v. *Coffelt*, 257 Ark. 770, 520 S.W.2d 294 (1975).

That very matter was sought to be determined in the case before us now. The Commission sued to condemn the fee. In her appeal of the damages judgment in her favor, Mrs. Coffelt alleges she was erroneously prevented from giving her testimony as to the value of her land before and after the interruption of Coffelt Road. In the cross appeal the Commission contends the court erred in not granting a

motion in limine, in refusing to strike expert testimony offered by Mrs. Coffelt's witness and in allowing Mrs. Coffelt to state that the court was taking judicial notice of the earlier chancery decree.

## 1. Mrs. Coffelt's Testimony

Mrs. Coffelt's attorney began his questioning of her by asking her generally about her land. She responded that her land on the east side of the highway was 2.9 acres and gave figures on its length, width and depth. She gave similar testimony about the approximately 20 acres on the other side where she and Mr. Coffelt had resided nearly thirty years. She discussed the topography of the land and its usefulness as commercial property, noting that at one corner she had an antique shop. She spoke of the lack of drainage problems and of the accessibility to city water and utilities. She also testified about the nearest access points to the highway from the frontage road and about the nature of nearby commercial uses.

When Mrs. Coffelt's lawyer then asked her the value of her land before taking, the Commission objected on the basis that Mrs. Coffelt was not shown to be an expert or to be qualified as a landowner to testify as to the value of her land. Her lawyer then asked her if she was "familiar with land values in that area generally, particularly commercial properties," to which she responded in the negative. She was then asked if she were familiar "with the fair market value of these properties." The Commission again objected. Her lawyer then asked:

Based upon the information you have, Mrs. Coffelt, do you have an opinion as to the fair market value of your property immediately prior to the taking?

Whereupon the judge said:

Well, now I've got to sustain the objection, Mr. Worsham. I thought you were going to ask her some more questions about what she based her evaluation on.

More questions followed, but Mrs. Coffelt was not permitted to testify as to value, except to proffer her testimony out of the jury's presence.

While we can understand some of the confusion caused by questions asked of Mrs. Coffelt by her attorney which would more properly have been asked of an expert witness, it is clear that Mrs. Coffelt had shown sufficient knowledge of her own property to qualify her to state its value in her capacity as owner of the land.

On this point the Commission cites only *Arkansas State Highway Commission* v. *Darr,* 246 Ark. 204, 437 S.W.2d 463 (1969), in which a landowner's testimony as to the value of land was held to have been properly stricken. But there was no showing in that case that the witness had ever lived on the land. Nor was she asked about the fair market value of her land. Instead, she was asked how much the land was "worth" with no definition of "worth." She had also given statements about the land which were contradicted by other witnesses, and the evaluation reached in the judgment was entirely dependent on her testimony, as it was too high to have been based on the testimony of other witnesses.

In the case before us, it is clear that although there were other questions Mrs. Coffelt could not answer, the ones to which she quite adequately responded were sufficient to show she had a thorough knowledge of her land. In *Arkansas State Highway Commission* v. *Taylor,* 269 Ark. 458, 602 S.W.2d 657 (1980), we held that as long as a landowner demonstrates an intimate knowledge of his own property he may give his opinion as to its value, and he need not know the value of other, comparable properties. A demonstrated familiarity with his land is sufficient. *Arkansas State Highway Commission* v. *Duff,* 246 Ark. 922, 440 S.W.2d 563 (1969). Thus it was error for the court not to allow Mrs. Coffelt to testify with respect to the value of her land before and after the taking.

## 2. *Motion in Limine*

The Commission moved at the outset to prevent testi-

mony having to do with diminution of the value of Mrs. Coffelt's land due to inability to enter the highway at its intersection with Coffelt Road. The motion was based on the deed from the D'Angelos to the county which had so clearly given up that right and to which their deed to the Coffelts made reference. We have no doubt the motion should have been granted.

Had there been a correct ruling on the motion in limine, the Commission's next point would have been obviated. Mr. Larrison testified for Mrs. Coffelt as an expert. The evaluation he gave was clearly based on failure to understand that the D'Angelos, and thus their successor Mrs. Coffelt, had conveyed away their right of access at the Coffelt Road intersection to Highway 67. Mr. Larrison said specifically his evaluation had been done on the basis of loss of such access and not just loss of the right to cross the highway from one side of the Coffelt land to the other. He was given an opportunity to separate the right to cross the highway from the right of direct access to the highway, and he was unable to do it, thus it was error to permit Mr. Larrison's estimate to go to the jury. *Arkansas State Highway Department* v. *Wallace,* 247 Ark. 157, 444 S.W.2d 685 (1969).

### 3. Judicial Notice

This point need only be discussed because it may come up upon retrial. As stated earlier, the only question in the first appeal in this case was whether a statute of limitations had run, preventing Mrs. Coffelt from seeking damages for condemnation of the fee underlying the easement across her land so as to permit closing Coffelt Road where it crossed the highway. We held the statute had not run. We said:

> We do not pass upon the effect of the various deeds on damages claimed in this case, but we are of the opinion the chancellor's finding that the appellee owns the fee title to at least twenty feet of Coffelt Road is not against the preponderance of the evidence. We conclude, therefore, that the chancellor did not err in granting the injunction until the question of damages, if any, is fully determined. [257 Ark. at 780, 520 S.W.2d at 300]

Our decision was thus a very narrow one; so was the chancellor's and yet the following exchange appears in the record in the case before us now:

> Your Honor, the defendants are preparing to rest. But before we do, I believe before the recess I had tendered a decree. Your Honor, at this time we are proposing to withdraw the decree because it's my understanding the Court is taking judicial notice that a decree was entered on April 17, 1974, giving the defendants the right to the free use of Coffelt crossing and to the right of ingress and egress on said Coffelt crossing and to the free flow of traffic thereon. Is that correct, Your Honor?

> THE COURT: I'm so taking judicial notice.

This characterization of the earlier decree was thus at least possibly misleading. Two paragraphs of the chancellor's decree are set out in our earlier opinion 257 Ark. at 778, 520 S.W.2d at 299. The chancellor made it clear that Mrs. Coffelt had no right of access to the highway from Coffelt Road but that the right to cross over had not been compensated and thus the Commission was enjoined from closing Coffelt Road without condemning the remaining interest of Mrs. Coffelt.

The judicial notice taken could easily have been interpreted by jurors as being in excess of that justified by the decree, and certainly in excess of this court's interpretation of that decree in the first appeal. We need not decide whether the judicial notice thus taken and possibly misleading was error; however, we caution that upon retrial if there is another attempt at condensing the first decree and our opinion affirming it, more care should be taken to see that it is accurately limited.

Reversed on appeal; reversed on cross appeal, and remanded.

Justice Hickman not participating.