ARKANSAS STATE HIGHWAY COMMISSION
*v.* Bessie COFFELT

84-328                                                    688 S.W.2d 282
Supreme Court of Arkansas
Opinion delivered April 22, 1985
[Rehearing denied May 28, 1985.*]

*Thomas B. Keys* and *Chris O. Parker,* for appellant.

*Kenneth C. Coffelt,* for appellee.

STEELE HAYS, Justice. This is the third appeal of a long standing dispute between the Arkansas State Highway Commission and Mrs. Bessie W. Coffelt involving the intersection of Coffelt Road and U.S. Highway 67. The background of the litigation is stated in depth in our opinion in *Coffelt* v. *Arkansas State Highway Commission,* 285 Ark. 314, 686 S.W.2d 786 (1985).

---

*HICKMAN, J., not participating.

In 1955 the D'Angelos granted an easement for a freeway and frontage road across lands they owned in north Pulaski County where Highway 67 was to be constructed. The conveyance affected all rights of abutment from either side of the freeway, reserving only the right of access to the frontage road and, hence, to the freeway at such points as might be established by the highway department. The D'Angelos later sold their lands to the Coffelts, subject to the easement, and eventually title vested to Mrs. Coffelt alone.

In 1972, Mrs. Coffelt sued the highway department to enjoin a threatened interference with what by then was known as Coffelt Road, at its juncture with Highway 67 alleging in the complaint that an overpass at the Coffelt Road crossing had been promised. As noted in our opinion mentioned above, this contention seems to have been abandoned, though had an overpass been constructed, it would have resolved any conceivable dispute over the crossing.

In the 1972 phase of this litigation the Chancellor held that Mrs. Coffelt continued to own the fee in the lands involved and he permanently enjoined the commission from interfering with the free use of Coffelt crossing until her remaining interest was acquired by eminent domain or by purchase. That ruling was affirmed on appeal to this court in *Arkansas State Highway Commission* v. *Coffelt*, 257 Ark. 770, 520 S.W.2d 294 (1975).

The case remained in a dormant state until recently when the commission elected to condemn the outstanding interest and eliminate the crossing of Highway 67 at that point. A few days before condemnation proceedings were actually begun, "no turn" signs were erected at both sides of the freeway on Coffelt Road. Mrs. Coffelt petitioned the Chancery Court for citation for contempt of court against the commission members and director, as a result of which the respondents were held to be in contempt and fined $49 each. A later order awarded Mrs. Coffelt's attorney a fee of $700.

The commission has petitioned for certiorari, tradi-

tionally the method of reviewing contempt cases. However, since this petition was filed we noted that gradually the distinctions between review of contempt proceedings by certiorari and review by appeal as in other cases have disappeared in all but name — and henceforth review in contempt would be by appeal. *Frolic Footwear* v. *State,* 284 Ark. 487, 683 S.W.2d 611 (1985).

We might easily dispose of this appeal on the basis of a lack of jurisdiction by the trial court to punish for contempt, as there was no personal service on the respondents, nor was there any waiver of that requirement. *Hilltop, Inc.* v. *Riviere,* 268 Ark. 532, 597 S.W.2d 596 (1980); *Nooner* v. *Nooner,* 278 Ark. 360, 645 S.W.2d 671 (1983). But in view of the long history of the case and because the latest, presumably the final, phase is still pending, we prefer to deal with the merit of the substantive issue.

No violation of the restraining order occurred. The highway commission simply posted signs which prohibited vehicles on Coffelt Road from turning onto the freeway, which it had every right to do. There was no attempt to interfere with the right to *cross* the freeway at Coffelt Road, the only right not conveyed by the D'Angelos under their 1955 easement and, thus, the only right acquired by Mrs. Coffelt. See *Coffelt* v. *Arkansas State Highway Commission,* 285 Ark. 314, 686 S.W.2d 786 (1985). True, the wording of the permanent restraining order might have been clearer, as it enjoins the commission "from closing or interfering in any manner with the free use of Coffelt Road crossing or interfering with the flow of traffic on said crossing." But the order must be read in context. *Ferracuti* v. *Ferracuti,* 27 Ill. App. 3d 495, 326 N.E.2d 556 (1975), *Christiano* v. *Christiano,* 131 Conn. 589, 41 A.2d 779 (1945), and in that light the order only restrained the right of *crossing.* That was the only right Mrs. Coffelt had (or for that matter, the only right she even claimed to have when she filed her suit in 1972, in view of her allegation the commission had promised to build an over-pass) and any scrutiny into the wording of the original easement, or the background of the case, would have rendered that fact quite clear. *Coffelt* v. *Arkansas State Highway Commission, supra.*

434

The orders appealed from are reversed and the petition is dismissed.

HICKMAN, J., not participating.