# ARKANSAS STATE HIGHWAY COMMISSION
*v.* Honorable Lee A. MUNSON, Chancellor

87-323                                                   749 S.W.2d 317

Supreme Court of Arkansas
Opinion delivered May 9, 1988

*Thomas B. Keys* and *Philip N. Gowen,* for appellant.

*Mike Wilson* and *Kenneth C. Coffelt,* for appellee.

DAVID NEWBERN, Justice. The petitioner, Arkansas State Highway Commission, closed a road crossing a four-lane highway. The road which was closed was known as Coffelt Road. It connected two parcels of land owned by Mr. and Mrs. Kenneth Coffelt. The value to the Coffelts of the crossing became the subject of litigation. In a condemnation proceeding, Mrs. Coffelt was awarded $40,000. That judgment was reversed and remanded for a new trial. *Coffelt* v. *Arkansas State Highway*

*Commission*, 285 Ark. 314, 686 S.W.2d 786 (1985). The jury in the second trial returned a verdict in favor of Mrs. Coffelt but awarded her no damages. The commission had deposited $25,000 in the registry of the court as estimated compensation which had been drawn down by Mrs. Coffelt. Thus the court entered a judgment against Mrs. Coffelt and in favor of the commission for the deposit amount plus interest. The record showed that there was a motion to set aside the judgment on the ground, among others, that it amounted to an unconstitutional taking of Mrs. Coffelt's property without compensation. The trial court denied the motion. That judgment was affirmed. *Coffelt* v. *Arkansas Highway Commission*, 289 Ark. 348, 712 S.W.2d 283 (1986), *cert. denied*, 107 S. Ct. 1298 (1987). The case before us now has come about because Mr. and Mrs. Coffelt have obtained a temporary stay of execution to prevent collection of the judgment in favor of the commission. The commission seeks a writ of prohibition to prevent the chancellor proceeding further in the matter claiming that jurisdiction is lacking because the Coffelts' claim is barred by res judicata and their remedy at law. We deny the writ because we do not find that the chancellor lacks jurisdiction.

## 1. Res judicata

■ Res judicata is an affirmative defense. Ark. R. Civ. P. 8(c). The petitioner has presented no case in which it has been held that the bar of res judicata is "jurisdictional" and thus that a writ of prohibition should be entered because the doctrine may apply. We know of no such case.

## 2. Adequate remedy at law

The commission argues that there was an adequate remedy at law. It is true that Mrs. Coffelt had the right to, and indeed did, raise her constitutional argument in the circuit court. However the contention made to the chancellor is that the circuit court's order is void. The petitioner's brief does not deny that the chancery court has the power to enjoin enforcement of a void order. Rather, it cites *Anthony & Brodie* v. *Shannon*, 8 Ark. 52 (1847), and *Watkins* v. *Merchants' Bank of Vandervoort*, 96 Ark. 465, 132 S.W. 218 (1910), which were cases in which we held, on appeal rather than in response to a request for a writ of

prohibition, that the chancery court lacked jurisdiction to interfere in the execution of judgments reached by courts of law where there was an adequate remedy at law. In neither case was there an allegation made that the order of the circuit court was void.

A void order is subject to collateral attack, *Sanders* v. *Killebrew*, 233 Ark. 965, 349 S.W.2d 808 (1961); *Bragg* v. *Thompson*, 177 Ark. 870, 9 S.W.2d 24 (1928), and a court of equity, acting in personam, may enjoin enforcement of the order of even another "superior" court. *Sanders* v. *Killebrew, supra; American Ins. Co.* v. *McGehee Liquor Co.*, 113 Ark. 486, 169 S.W. 251 (1914). We have, however, said that equity will not enjoin the enforcement of an order merely because it is void in cases where the party seeking equitable relief had an adequate remedy at law. *Fuller* v. *Townsly-Myrick Dry Goods Co.*, 58 Ark. 314, 24 S.W. 635 (1893); *Wingfield* v. *McLure*, 48 Ark. 510, 3 S.W. 439 (1886). In those cases, however, the chancery court first determined its own jurisdiction, and our resolution of the issue came on appeal rather than in response to a request for a writ of prohibition. We have been cited to no case in which it has been held that a writ of prohibition should issue to a chancery court because it is proceeding in a matter where there is an adequate remedy at law.

The Coffelts argue they have exhausted their remedies at law by seeking relief in the circuit court, appealing to this court, and seeking certiorari in the United States Supreme Court to no avail. They contend there is no other thing they can do before a law court to seek relief from the order they contend is void. The answer to this contention may well be that the matter is thus res judicata, as even constitutional issues may be precluded by that doctrine. *Chicot County Drainage Dist.* v. *Baxter State Bank*, 308 U.S. 371 (1940). *See Johnson* v. *Muelberger*, 340 U.S. 581 (1951). As noted above, however, the question of res judicata is a defense to be raised in the chancery court and does not present a question of jurisdiction.

Writ denied.

HICKMAN, J., not participating.

HAYS and GLAZE, JJ., dissent.

STEELE HAYS, Justice, dissenting. The respondent chancel-

lor enjoined the sheriff from efforts to execute a judgment of the Pulaski Circuit Court against Mrs. Bessie Coffelt. The majority declines to prohibit the chancellor from proceeding because Mrs. Coffelt has alleged that the circuit court judgment is void, thereby invoking the chancellor's jurisdiction.

If this case were new to us and there was any doubt about the validity of the judgment, that might be the proper course. But this litigation and this court are no strangers to each other. It has now been before us five times: *Arkansas State Highway Department v. Coffelt*, 257 Ark. 770, 520 S.W.2d 294 (1975); *Coffelt v. Arkansas State Highway Department*, 285 Ark. 314, 686 S.W.2d 786 (1985); *Arkansas State Highway Department v. Coffelt*, 285 Ark. 431, 688 S.W.2d 282 (1985); *Coffelt v. Arkansas State Highway Department*, 289 Ark. 348, 712 S.W.2d 283 (1986) and *Arkansas State Highway Department v. Munson*, CR87-323.

It is fair to say we are thoroughly familiar with every aspect of this case. Mrs. Coffelt's argument is that a taking of private property for public use without compensation violates the state and federal constitutions, therefore, a judgment which awards no damages is void on its face. Certainly this judgment is not void on its face and Mrs. Coffelt has advanced no argument as to why it would be void on other grounds.

I will not repeat the long involved history of the case, it's all there in the cited opinions, except to note that Mrs. Coffelt acquired this property in 1955, a few months after the owners had bargained and sold a perpetual easement for the interstate highway. That conveyance purported to transfer the entire interest of the owners, reserving only the right of access to the frontage roads.[1] Mrs. Coffelt acquired her fee expressly subject to the perpetual easement.

The first phase of this litigation determined that Mrs. Coffelt still owned the fee beneath the easement where Coffelt Road crossed the interstate. (*Arkansas State Highway Department v.*

---

[1] Mrs. Coffelt contended that the Highway Department promised to put an overpass at what later became known as Coffelt Road, but that issue was abandoned some years ago.

*Coffelt*, 257 Ark. 770, *supra*). In a later phase, that interest, arguably a theoretical one at best, was determined by a jury to have no value, resulting in the circuit court judgment now challenged. Mrs. Coffelt appealed and the judgment was affirmed (*Coffelt* v. *Arkansas State Highway Department*, 289 Ark. 348, *supra*), as the majority concedes. Rehearing was denied by this court and certiorari was denied by the United States Supreme Court. 107 S. Ct. 1298 (1987). Thus, the case has been decided along with all the issues now argued, as well as any that could have been argued, and res judicata applies.

Clearly, this dispute, having spanned two decades, has reached finality and nothing remains to be litigated. It should not be allowed to continue to no good purpose, purely for the sake of form. I respectfully suggest a writ of prohibition is warranted on the circumstances of this case, as it was in *Fore* v. *Circuit Court of Izard County*, 292 Ark. 13, 727 S.W.2d 840 (1987).

GLAZE, J., joins this dissent.

TOM GLAZE, Justice, dissenting. I would grant the writ. This court has long recognized that a court has *power* over its own process. *American Ins. Co.* v. *McGehee Liquor Co.*, 113 Ark. 486, 169 S.W. 251 (1914). Here, the Coffelts filed a motion in the circuit court requesting an order to stay execution on that court's judgment. The court, exercising its continuing original jurisdiction, denied the Coffelts' motion. Instead of appealing the circuit court's ruling, contending the court's judgment was void and its order was for naught, the Coffelts petitioned the chancery court, requesting the same relief that they were denied in the circuit action.

In my opinion, the chancery court has no power whatsoever to decide whether the circuit court should or should not allow process, *viz.*, a writ of execution, to issue in connection with one of its judgments. The Coffelts' remedy, if any, was one of appeal from the circuit court's order, denying their request to stay any execution. This case has existed for over a decade, and while I admire the ingenious tenacity with which both sides have pursued their respective claims, this matter should eventually come to an end. The court's decision today, I respectfully submit, is a wrong one and serves only to continue this lawsuit's indeterminate existence.

HAYS, J., joins this dissent.