Michael K. McGLOTHLIN *v.* Honorable John Dan KEMP, Circuit Judge of Independence County, Arkansas and Janie Jones, and Edward Lee Jones, Natural Parents of Christopher Lee Jones and Co-Administrators of the Estate of Christopher Lee Jones, Deceased

93-261                                    863 S.W.2d 313

Supreme Court of Arkansas
Opinion delivered October 25, 1993

*David Hodges*, for petitioner.

*Murphy, Post, Thompson, Arnold & Skinner*, by: *J. T. Skinner* and *Tom Thompson*, for respondents.

DAVID NEWBERN, Justice. Michael McGlothlin seeks to prohibit Judge John Dan Kemp from enforcing an order compelling discovery. Finding no basis for issuing a writ of prohibition, we deny the petition.

Michael McGlothlin and Christopher Lee Jones were involved in a single car accident in which Jones was killed. The parents of Jones have brought suit against McGlothlin, alleging that he was the driver of the car and the accident was the result of his negligence. The Joneses' complaint also alleges McGlothlin was intoxicated at the time of the accident. McGlothlin denies these allegations.

Through discovery, the Joneses have asked McGlothlin to sign a medical authorization for the release of medical information, and to produce all medical records pertaining to injuries McGlothlin received as a result of the accident, citing Ark. R. Civ. P. 35(c). McGlothlin has objected, stating that his medical condition is not in issue in this lawsuit, and thus his medical records are not made discoverable by Rule 35(c).

The Joneses contend McGlothlin's medical condition is in issue. They state that McGlothlin has not only denied driving the car at the time of the accident, but has also denied being drunk. Moreover, the Joneses contend that the injuries McGlothlin received were consistent with those of the driver of a car. The Joneses moved to compel McGlothlin to execute the medical authorization and to produce his medical records.

Judge Kemp granted the motion, subject to a protective order prohibiting the release of confidential communications between McGlothlin and his doctors. In his letter opinion granting this Motion, Judge Kemp stated:

The plaintiffs contend that the defendant was the driver of the automobile in the accident that caused the death of the plaintiffs' son. The discovery indicated the defendant sustained injuries in the course of the accident. The plaintiffs contend that the injuries to the chest sustained by the defendant are consistent with the defendant being the driver of the automobile. The defendant has denied the allegations of the plaintiffs' complaint that he was the driver.

The court finds that the physical condition of the defendant is relied on by the defendant as part of his defense. Rule 35(c) therefore requires the defendant to execute an authorization to allow the plaintiffs to obtain copies of defendant's medical records, provided confidential communication between the defendant and his physician are not disclosed

A writ of prohibition is an extraordinary remedy and "is only proper when the trial court has no jurisdiction over the person of the petitioner, is clearly warranted, and there are no disputed facts." *Lupo* v. *Lineberger*, 313 Ark. 315, 317, 855 S.W.2d 293, 294 (1993). The purpose of a writ is not to prohibit a lower court from committing error, but to prohibit the unauthorized exercise of jurisdiction when there is no other adequate remedy available by appeal or otherwise. *Juvenile H.* v. *Crabtree*, 310 Ark. 208, 833 S.W.2d 766 (1992).

We make no determination whatever about the correctness of Judge Kemp's decision. We hold only that he had jurisdiction to enter his order pursuant to Rule 35(c) and thus that a writ of prohibition would not be proper.

Petition denied.