The WEST MEMPHIS SCHOOL DISTRICT NO. 4
of Crittenden County, Arkansas; et al. *v.*
The CIRCUIT COURT of Crittenden County, Arkansas

93-902                                871 S.W.2d 368

Supreme Court of Arkansas
Opinion delivered March 7, 1994

*Sloan, Rubens & Peeples*, by: *Kent J. Rubens*, for appellants.

*Heiskell, Donelson, Bearman, Adams, Williams & Caldwell*, by: *David Rees* and *George R. Wadley, Jr.*, for appellee.

ROBERT L. BROWN, Justice. This is an original action for a writ of prohibition to prevent the Crittenden County Circuit Court from asserting jurisdiction over tort litigation against the West Memphis School District No. 4, its board of directors, and its superintendent, all of whom are the petitioners. The petitioners assert absolute immunity under various state statutes (Ark. Code Ann. §§ 6-19-103 (Repl. 1993), 16-120-102 (Supp. 1993), and 21-9-301 (Supp. 1993)) as a bar to the underlying tort claim. We deny the writ.

The following facts precipitated this action. Roger Patterson was hired as a school bus driver by the School District in 1986. A young girl, who was age 9 at the time of the complaint, lived along Patterson's bus route and was a daily passenger in 1988 and 1989. Due to the location of her home, she was the first student onto the bus in the morning and the last student to depart the bus in the afternoon. The Smiths are the parents of the girl. The Smiths filed a complaint against the school district, the school board, and the school superintendent, alleging that from November 1988 to December 1989, Patterson molested and sexually abused the girl on the school bus. The Smiths claimed that the school district, its board of directors, and the school superintendent were liable for Patterson's actions, and they sought damages. Specifically, they alleged that the defendants failed or refused to follow the guidelines for hiring school bus drivers or assuring safe pupil transportation as required by Ark. Code Ann. § 6-19-101 *et seq.* (Repl. 1993), and breached their common duty as well. In addition, they asserted:

> 1. Patterson was convicted for a crime that involved sexual activity with a minor in 1963 in Indiana. He served time in prison for seven years for this crime.
>
> 2. Patterson was arrested for driving while intoxicated on more than one occasion while employed as a bus driver in West Memphis.
>
> 3. The board and superintendent "failed or refused" to discipline or supervise Patterson for the alcohol-related arrests.
>
> 4. The acts of the defendants were intentional, malicious, outrageous, and grossly negligent acts and/ or omissions.
>
> 5. The acts of the defendants resulted in physical and mental injury to the young girl and her parents.
>
> 6. The board, school district, and superintendent are liable under a theory of respondeat superior for the intentional acts of Patterson done in the scope of his employment.
>
> 7. Liability insurance was in effect at the time of the

defendants' tortious conduct which provides coverage for the injuries and damages sustained by the Smiths.

The defendants who are the petitioners herein filed a motion to dismiss and asserted that the Smiths had failed to state a claim upon which relief could be granted under Ark. R. Civ. P. 12(b)(6). The motion raised as one ground the bar of statutory immunity.

The circuit court denied the motion but found that the board members could only be sued in their official capacities and not as individuals. The court further found that the defendants were not absolutely immuned from liability, that the Smiths had plead sufficient facts to establish an intentional tort, and that the claims of negligence could be asserted if the defendants had liability coverage.

The petitioners next brought this original action seeking a writ of prohibition. They assert in their petition that prohibition is proper under *Fore* v. *Circuit Court of Izard County*, 292 Ark. 13, 727 S.W.2d 840 (1987); *overruled in part by The Wise Company, Inc.* v. *Clay Circuit*, 315 Ark. 336-A, 869 S.W.2d 6 (1994) (supplemental opinion) and *Lupo* v. *Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993).

A writ of prohibition is an extraordinary writ. *McGlothlin* v. *Kemp*, 314 Ark. 495, 863 S.W.2d 313 (1993). We have stated that it is only appropriate when the lower court is wholly without jurisdiction. *Id.* Jurisdiction is the power or authority of the court to act. *Mark Twain Life Ins. Corp.* v. *Cory*, 283 Ark. 55, 670 S.W.2d 809 (1984). The jurisdiction of the circuit court to hear civil cases absent a provision for exclusive jurisdiction of a particular matter in another venue is well settled. *Commission of Judicial Discipline and Disability* v. *Digby*, 303 Ark. 24, 792 S.W.2d 594 (1990). We have consistently denied writs of prohibition where the lower court acted within its jurisdiction. *See, e.g., Arkansas Highway Comm'n* v. *Munson*, 295 Ark. 447, 749 S.W.2d 317 (1988) (chancery court has power to enjoin the enforcement of a void order); *Commission of Judicial Discipline and Disability* v. *Digby, supra* (circuit court has authority to entertain a declaratory judgment action but not action for costs and expenses).

Additionally, we have denied writs where the relief

requested was based on an affirmative defense and not a question of jurisdiction. *Ark. State Highway Comm'n* v. *Munson, supra*, (res judicata is an affirmative defense); *Forrest City Machine Works, Inc.* v. *Erwin*, 304 Ark. 321, 802 S.W.2d 140 (1991) (statute of limitation is an affirmative defense and not jurisdictional). Likewise, we have stated that the claim of immunity of a state employee is a defense to be adjudicated. *Jaggers* v. *Zolliecoffer*, 291 Ark. 250, 718 S.W.2d 441 (1986).

In *Fore* v. *Circuit Court of Izard County, supra*, a writ of prohibition was granted following the denial of a motion for summary judgment. We have recently retreated from the overreaching language in *Fore*, however, and overruled the case in part. *See The Wise Company, Inc.* v. *Clay Circuit, supra; Lupo* v. *Lineberger, supra.* Indeed, we made it clear that a writ of prohibition was appropriate in *Fore* only because the Workers' Compensation Commission had exclusive jurisdiction of the matter. *Lupo* v. *Lineberger, supra.* Any further rationale for granting the writ in *Fore* has been repudiated by this court.

█ The following summarizes the inappropriateness of a writ of prohibition in cases such as the one before us:

[A] petition for a writ of prohibition is not the proper remedy for the failure of a trial court to grant a motion to dismiss. A writ of prohibition is an extraordinary writ and is only granted when the lower court is wholly without jurisdiction, there are no disputed facts, there is no adequate remedy otherwise, and the writ is clearly warranted.

*National Sec. Fire & Casualty Co.* v. *Poskey*, 309 Ark. 206, 207, 828 S.W.2d 836, 837 (1992) (citations omitted); *see also Lupo* v. *Lineberger, supra; Juvenile H.* v. *Crabtree, 310 Ark. 208, 833 S.W.2d 766 (1992).*

In this case, the petitioners seek to prevent the circuit court from proceeding with litigation when they have an immunity defense against such lawsuits. They focus on the language of two statutes in particular:

(a) It is declared that the directors of all school districts and special school districts in this state in the discharge of their duties as such directors act in a necessary governmental function.

(b) Therefore, no action for personal injuries or damage to property arising out of the acts, conduct, or omissions of such directors in their official capacities shall be brought or maintained in this state against directors personally.

Ark. Code Ann. § 6-19-103 (Repl. 1993).

It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the state shall be immune from liability and from suit for damages, except to the extent that they may be covered by liability insurance. No tort action shall lie against any such political subdivision because of the acts of its agents and employees.

Ark. Code Ann. § 21-9-301 (Supp. 1993). The petitioners argue especially that these statutes foreclose the ability of the Smiths to bring a lawsuit against them, and the circuit court lacked jurisdiction over the matter.

We do not read the statutes to say that. What § 21-9-301 establishes is an immunity defense. That does not mean that the circuit court is without jurisdiction to hear a motion to dismiss on statutory immunity grounds. The circuit court recognized that intentional actions by board members are not protected by statutory immunity. *Deitsch* v. *Tillery*, 309 Ark. 401, 833 S.W.2d 760 (1992). The court further authorized additional discovery into liability coverage maintained by the school district. Ark. Code Ann. § 21-9-301 (Supp. 1993). Section 6-19-103 disallows personal liability for board members, and the court followed that statute and ruled accordingly.

We hold that the circuit court acted within the bounds of its authority in ruling on the motion to dismiss. Jurisdiction within that court is not lacking.

Writ denied.

HAYS, J., concurs.

CORBIN, J., not participating.

STEELE HAYS, Justice, concurring. The gist of the complaint

filed by Kathy Smith and Tommy Smith against the petitioners is that by failing or refusing to follow proper guidelines in hiring Roger Patterson as a school bus driver, petitioners breached a statutory and common law duty owed to their daughter. The complaint asserts causes of action based on gross negligence, intentional tort and outrage. To the extent that the petitioners may have liability insurance coverage applicable to this case, I agree the trial court is not without jurisdiction. I write simply to express my view that the complaint fails to state a cause of action for an intentional tort or for the tort of outrage and was subject to dismissal under ARCP 12(b)(6).

We have held that for a complaint to assert an intentional tort it must be based on an allegation that the intentional or deliberate act was *performed with a desire to bring about the consequences of the act. Miller* v. *Ensco, Inc.,* 286 Ark. 458, 692 S.W.2d 615 (1988); *Finch* v. *Swingly,* 42 A.D.2d 1035, 348 N.Y.2d 266 (1973).

As to outrage, we addressed the identical issue in *Rabalaias* v. *Barnett,* 284 Ark. 527, 683 S.W.2d 919 (1985), and noted that no facts were alleged entitling the plaintiffs to relief by the tort of outrage:

> Rule 12(b)(6) provides for dismissal of a complaint for "failure to state facts upon which relief can be granted." The two rules [Rule 12(b)(6) and Rule 8] must be read together in testing the sufficiency of a complaint; facts, not mere conclusions must be alleged. *Harvey* v. *Eastman Kodak Co.,* 271 Ark. 783, 610 S.W.2d 582 (1981). Since no facts were alleged regarding the tort, the trial court was right to dismiss the claim.

Reduced to its elements, this complaint charges the defendants (petitioners) with hiring an individual who should not have been hired, and, had the petitioners followed the proper procedures, the alleged abuses might not have occurred. But no facts are pled which render that conduct outrageous, or from which we can infer there was any desire to bring about such consequences.