The Honorable Steve Bell State Senator 500 East Main, Suite 208 Batesville, Arkansas 72503
Dear Senator Bell:
This is in response to your request, submitted on behalf of Mr. Everett King, mayor of Tuckerman, Arkansas, for an opinion on the three questions set forth below relating to a municipal planning commission:
 1. Does the planning commission need to notify the paper two (2) hours before having a meeting? This is not a governing board.
 2. The mayor is ex officio of board. Can he break tie vote? Eight (8) member board with mayor ex officio.
 3. Can the planning commission be sued for recommendations made to the city council? They are not a governing board.
In response to the first question, it is my opinion that a municipal planning commission is a "governing bod[y]" within the meaning of that phrase as used in A.C.A. § 25-19-106(a) (Repl. 1992), and therefore that it must comply with the notice and other requirements of A.C.A. §25-19-106 relating to open meetings. This office has previously opined that a governing body, for purposes of A.C.A. § 25-19-106(a), is one with "final decision-making or policy-making authority." Op. Att'y Gen.92-241, quoting Op. Att'y Gen. 91-288. In my view, a municipal planning commission has such authority.
After the adoption and filing of one or more plans,[1] a municipal planning commission has authority to approve or disapprove a broad range of proposed development and related activities, and such proposed activities may not be undertaken without the commission's approval. A.C.A. § 14-56-412(f)(1). While the commission's decision may be overridden by a two-thirds (2/3) vote of the municipality's governing body (see A.C.A. § 14-56-412(f)(2)), the possibility of such override does not alter the fact that the commission's action in approving or disapproving a development proposal constitutes the final administrative determination and action in many cases, particularly those involving the commission's approval of a development proposal.[2]
With respect to the second question, it is my opinion that state law does not dictate whether the mayor, as an ex officio member of a municipal planning commission, may cast a vote on any matter, whether or not to break a tie, and that the ordinance creating the particular commission at issue and providing for the mayor's membership thereon, and the rules of the commission, should be consulted for guidance. The statutes providing for municipal planning commissions permit municipalities to specify by ordinance the number of members of the commission (subject to a minimum of five members), and the method of appointment and terms of members. A.C.A. § 14-56-404, -405. They also require planning commissions to adopt rules for the transaction of business. A.C.A. § 14-56-408. In my opinion, the discretion afforded by these statutes is sufficient to permit the city council to specify by ordinance the voting rights, if any, of the mayor as an ex officio member of the commission, or to permit the commission, in the absence of any specification by ordinance, to adopt a rule setting forth such voting rights.
In response to the third question, it is my opinion that a municipal planning commission generally will incur no liability for recommendations it makes to a city council. Arkansas Code Annotated § 21-9-301 (Cum. Supp. 1993) provides:
 It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the state shall be immune from liability and from suit for damages, except to the extent that they may be covered by liability insurance. No tort action shall lie against any such political subdivision because of the acts of its agents and employees.
As a planning commission is clearly an instrumentality of the municipality that created it, it is my opinion that the above statute provides the commission immunity from liability and from suit for damages except to the extent, if any, that insurance coverage exists for any such liability. It should also be noted that the Supreme Court of Arkansas has held that this statute does not provide immunity from liability for intentional torts. See, e.g., West Memphis School Dist. No. 4. v. CircuitCourt, 316 Ark. 290, 871 S.W.2d 368 (1994).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] Such plans include, without limitation, master street plans, land use plans, and community facilities plans. See A.C.A. § 14-56-412(d).
[2] Professor Watkins cites the municipal planning commission as an example of a body having specific statutory authority that therefore "should be considered a governing body" for purposes of A.C.A. §25-19-106(a). See J. Watkins, The Arkansas Freedom of Information Act 44 (2nd ed. 1994).