2024 PA Super 57

| | | |
|---|---|---|
| RICHMOND WATERFRONT INDUSTRIAL PARK, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1172 EDA 2023 |
| PHILADELPHIA BELT LINE RAILROAD COMPANY | : | |

Appeal from the Order Entered December 6, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  02872 March 2022

BEFORE:   STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

OPINION BY COLINS, J.:                    **FILED MARCH 25, 2024**

Appellant, Richmond Waterfront Industrial Park, LLC (Plaintiff) appeals from of an order of the Court of Common Pleas of Philadelphia County (trial court) dismissing its quiet title action for lack of subject matter jurisdiction on the ground that the federal Interstate Commerce Commission Termination Act of 1995 (ICCTA), 49 U.S.C. §§ 10101-16106, vests the federal Surface Transportation Board (STB) with exclusive jurisdiction to decide issues involving the abandonment of the railroad right of way and railroad tracks on its property.  For the reasons set forth below, we affirm.

Plaintiff is the owner of a more than 50-acre property at 2950 Kirkbride Street, Philadelphia (the Property), which it acquired from Rohm & Haas Co.

_____

[*] Retired Senior Judge assigned to the Superior Court.

in 1998. There are railroad tracks on the Property on a 33-foot wide right of way of Philadelphia Belt Line Railroad Co. (Defendant) that runs across the Property. Amended Complaint ¶¶9, 14-15, 17, 19-24, 26 & Ex. A at 3-4; Richmond Waterfront Industrial Park, LLC Petition for Declaratory Order, STB Docket No. FD 36710 (STB Petition), Plaintiff's Verified Statement in Support of STB Petition at 1-2.[1]

On March 28, 2022, Plaintiff filed a quiet title action against Defendant seeking an order barring Defendant from asserting any right, easement, or other interest in the Property. Defendant filed preliminary objections, and Plaintiff, on July 7, 2022, filed an amended complaint alleging that Defendant's easement was barred by adverse possession, abandonment, and prescription. Amended Complaint ¶¶45-68. Defendant filed preliminary objections to this amended complaint asserting that the tracks on the Property were constructed pursuant to an 1890 Philadelphia ordinance that granted Defendant the right to build railroad tracks from Allegheny Avenue north along the Delaware River and seeking, *inter alia*, dismissal of the action for lack of subject matter jurisdiction on the ground that the STB has exclusive jurisdiction over abandonment of its railroad tracks and right of way on the Property. Preliminary Objections to Amended Complaint ¶¶4, 8-9, 28-46. In response,

---

[1] Plaintiff submitted the STB Petition and all of its attachments to this Court for its consideration in this appeal in conjunction with an application that it filed to stay this appeal.

Plaintiff argued that the action should not be dismissed for lack of subject matter jurisdiction on the ground that Defendant is not a rail carrier and that the tracks and right of way were therefore not within the STB's jurisdiction. Plaintiff's Opposition to Preliminary Objections ¶¶ 24-46, 50-51.

On December 6, 2022, the trial court sustained Defendant's preliminary objection to jurisdiction and dismissed the action for lack of subject matter jurisdiction on the ground that abandonment of railroad tracks was within the exclusive jurisdiction of the STB and that Section 10501(b) of the ICCTA, 49 U.S.C. § 10501(b), preempted state courts from determining property rights involving alleged abandonment of railroad tracks. Trial Court Order, 12/6/22; Trial Court Opinion at 4-7. Plaintiff timely appealed to the Commonwealth Court, and the appeal was subsequently transferred to this Court on the joint application of the parties.

On July 28, 2023, prior to briefing in this appeal, Plaintiff filed the STB Petition, a petition for a declaratory order from the STB that Defendant's railroad tracks and right of way on the Property are not within the STB's jurisdiction. STB Petition at 2, 15-21. Plaintiff filed an application to stay this appeal pending the STB's ruling on whether it has jurisdiction over Defendant's railroad tracks and right of way on the Property. This Court denied the application for stay by *per curiam* order on September 13, 2023. Defendant on August 17, 2023 filed a response to the STB Petition in the STB proceeding requesting dismissal of the STB Petition. Joint Response to Court Order

- 3 -

Directing Parties to File Status Report on STB Proceeding ¶2. The STB has neither rendered a decision on whether to accept the STB Petition nor ruled on Defendant's request to dismiss the petition. *Id.* ¶4.

Plaintiff raises two issues in this appeal: (1) whether the trial court erred in holding that it did not have subject matter jurisdiction; and (2) whether the trial court erroneously characterized the nature of the tracks at issue and the requirements for their abandonment. Because the issue of subject matter jurisdiction is a question of law, our review is plenary and *de novo*. *Mazur v. Trinity Area School District*, 961 A.2d 96, 101 (Pa. 2008); *Strasburg Scooters, LLC v. Strasburg Rail Road, Inc.*, 210 A.3d 1064, 1068 (Pa. Super. 2019).

Section 10501(b) of the ICCTA provides:

(b) **The jurisdiction of the [STB] over**--

(1) **transportation by rail carriers**, and the remedies provided in this part with respect to rates, classifications, rules (including car service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers; **and**

(2) **the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State,**

**is exclusive. Except as otherwise provided in this part, the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law.**

49 U.S.C. § 10501(b). The only exceptions to the STB's exclusive jurisdiction that Section 10501 sets forth are for public transportation provided by local

governments and their contractors and solid waste transfer facilities. 49 U.S.C. § 10501(c).

Section 10501(b) of the ICCTA preempts actions brought under state law, including quiet title actions, that concern operation or abandonment of railroad tracks. *Strasburg Scooters, LLC*, 210 A.3d at 1068-69; *B&S Holdings, LLC v. BNSF Railway Co.*, 889 F.Supp.2d 1252, 1258-60 (E.D.Wash. 2012); *Cedarapids, Inc. v. Chicago, Central & Pacific Railroad Co.*, 265 F.Supp.2d 1005, 1012-16 (N.D.Iowa 2003); *Burgoyne, LLC v. Chicago Terminal Railroad Co.*, 169 N.E.3d 815, 823-28 (Ill. App. 2020); *Ouachita Railroad, Inc. v. Circuit Court of Union County*, 206 S.W.3d 811, 815-17 (Ark. 2005). Although Section 10501(b)(2) references only "spur, industrial, team, switching, or side tracks, or facilities," 49 U.S.C. § 10501(b)(2), preemption and exclusive STB jurisdiction are not limited to those items and encompass all railroad tracks of a rail carrier. Section 10501(b)(1) of the ICCTA gives the STB exclusive jurisdiction over "transportation by rail carriers." 49 U.S.C. § 10501(b)(1). The ICCTA defines "transportation" as including any "property, … instrumentality, or equipment of any kind related to the movement of passengers or property, or both, by rail," which necessarily includes railroad tracks. 49 U.S.C. § 10102(9).

Because the STB's jurisdiction over claims concerning operation or abandonment of railroad tracks is exclusive, Pennsylvania courts lack subject matter jurisdiction over such claims. *Strasburg Scooters, LLC*, 210 A.3d at

Plaintiff's quiet title action is predicated on the claim that Defendant abandoned the railroad tracks that are on the Property. Amended Complaint ¶¶17-34, 45-68.[2]

Plaintiff argues that the railroad tracks on the Property are not subject to the STB's jurisdiction because Defendant is allegedly not a rail carrier. The STB, however, has held that Defendant is a rail carrier with respect to its tracks running from north of the Property to south of the Property and that those tracks connected to Conrail tracks and were used to transport "approximately 2,894 carloads annually, of predominantly chemicals, intermodal containers, and import-export freight." ***Philadelphia Belt Line Railroad Co. v. Consolidated Rail Corp.***, STB Docket No. FD 32802, 1996 WL 362996, at *1-*2 (STB July 2, 1996). Although the STB dismissed Defendant's complaint in that case, it did so on the ground that Defendant was not entitled to relief and not because the STB lacked jurisdiction. ***Id.***, 1996 WL 362996, at *5-*6.

_____

[2] While Plaintiff also alleged a claim that Defendant does not have a valid right of way because Plaintiff's deed did not state that the Property was subject to Defendant's right of way, Amended Complaint ¶¶10-13, 39-44, Plaintiff has subsequently admitted that its ownership of the Property is subject to Defendant's right of way. Plaintiff's Verified Statement in Support of STB Petition at 1-2 (stating under penalty of perjury that Plaintiff "purchased the Property subject to an existing railroad right-of-way easement in favor of the Philadelphia Belt Line Railroad Company ("PBL") which is 33 feet wide and runs the length of two parcels of the Property in a north-south direction for 2,719 feet").

*Philadelphia Belt Line Rail Road Co. - Petition for Declaratory Order*, STB Docket No. FD 35345 (Aug. 3, 2010), does not support Plaintiff's claim that the STB lacks jurisdiction over the tracks on the Property. In that case, the STB held that it did not have jurisdiction over Defendant's right of way in a different part of Philadelphia because no railroad tracks had been constructed on that portion of Defendant's right of way and Defendant was therefore not a rail carrier with respect to its right of way at the location. *Id.*, slip op at 3-6. Here, in contrast, Plaintiff admits that there are railroad tracks on Defendant's right of way on the Property. Plaintiff's Verified Statement in Support of STB Petition at 1-2.

Plaintiff also argues that the trial court erred in ruling on the jurisdictional issue without discovery. Plaintiff, however, did not request any discovery on the issue of jurisdiction before the trial court ruled on the preliminary objections. Rather, it argued that the trial court should overrule the preliminary objections without discovery. Plaintiff's Opposition to Preliminary Objections ¶¶ 28-46; Plaintiff's Memorandum in Opposition to Preliminary Objections at 8-9, 17-20. The only reference that Plaintiff made to discovery in its response to Defendant's preliminary objections was in response to a different preliminary objection, a demurrer to one count of the complaint, and concerned merits discovery. Plaintiff's Memorandum in Opposition to Preliminary Objections at 14.

Moreover, given the STB's ruling that Defendant is a rail carrier with respect to its railroad tracks in the part of Philadelphia that includes the Property, ***Philadelphia Belt Line Railroad Co. v. Consolidated Rail Corp.***, 1996 WL 362996, at *1-*2, and the STB's exclusive jurisdiction over rail carriers' railroad tracks, we believe that remand for jurisdictional discovery would be inappropriate because any determination that there are facts that remove these tracks from the STB's jurisdiction must be made by the STB, not by our courts. Indeed, Plaintiff recognizes that deferring to the STB is an appropriate way of resolving this jurisdictional issue. Not only has Plaintiff sought both a ruling from the STB that the STB lacks jurisdiction over the tracks at issue here and discovery on the jurisdictional issue in that STB proceeding, STB Petition at 2, 5 n.13, 15-17, 21-22, but Plaintiff has represented to this Court that the jurisdictional question here "presents critical and complex factual and legal issues that are within the STB's expertise." Appellant's Application for Stay at 5.

Because the STB has held that Defendant is a rail carrier, Defendant's railroad tracks on the Property are within the exclusive jurisdiction of the STB unless and until the STB, in its expertise, concludes that there are particular facts concerning these tracks that remove them from its jurisdiction. To date, the STB has made no determination that it lacks jurisdiction over Defendant's tracks on the Property. The trial court therefore properly concluded that it lacked subject matter jurisdiction over this action seeking an adjudication that

Defendant's railroad tracks on the Property have been abandoned, and its dismissal of this action without prejudice must be affirmed.

In its second issue, Plaintiff contends that the trial court erred in allegedly determining that the tracks on the Property are "side tracks" and in ruling on the substance of the federal requirements for abandonment. We conclude that the first of these claims fails because it is an inaccurate characterization of the trial court's rulings and that the second contention has merit, but is not grounds for reversal of the trial court's order.

Contrary to Plaintiff's arguments, the trial court did not make any finding that Defendant's railroad tracks on the Property are "side tracks." The only references to "side tracks" in the trial court's order are quotes from two cases and are not a characterization of the tracks at issue here. Trial Court Order at 1-2. Rather, the trial court stated in its order that it lacks subject matter jurisdiction because the ICCTA "completely preempts state action when it comes to determining if a railroad has abandoned it[s] tracks," not that only determinations concerning "side tracks" are preempted. *Id.* at 1. The only reference to "side tracks" in the trial court's opinion is in a description of Section 10501(b) setting forth the broad range of types of railroad tracks that are subject to STB jurisdiction. Trial Court Opinion at 4. Moreover, the opinion makes clear that the trial court's ruling that it lacked jurisdiction was based on its conclusion that the STB has exclusive jurisdiction over abandonment of "railroad tracks." *Id.* at 1-4, 7.

In contrast, Plaintiff's assertion that the trial court made statements in its opinion concerning the federal requirements for abandonment is supported by the record. Trial Court Opinion at 4-5. Whatever the accuracy or inaccuracy of the trial court's statements, the trial court lacked jurisdiction to reach the issue of which federal abandonment procedures and requirements apply to these tracks because that is a matter within the STB's exclusive jurisdiction. Those statements are thus without legal effect and the issue of what requirements for abandonment apply to these railroad tracks is for the STB to decide. Nothing in the trial court's order, however, made any ruling concerning the procedures or requirements for abandonment that apply to these tracks under the ICCTA. This argument is therefore not a basis for reversal of the trial court's order.

For the foregoing reasons, we conclude that the trial court correctly held that the STB has exclusive jurisdiction over Plaintiff's claims concerning the railroad tracks at issue in this action and affirm its order dismissing this action for lack of subject matter jurisdiction.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/25/2024